Good morning, Your Honors. Gilbert Tomazian for the Appellant Henry EKEH. You may proceed. We'll let him introduce himself when the time begins. Thank you, Your Honor. I'll be really brief. I just want to point something out. The reason the underlying appeal was filed mainly is that looking at the four corners of the declaration or the affidavit filed by the detective, and having submitted that to the issuing magistrate in reviewing to see if there is an up-probable cause for the magistrate to issue the search warrant, I believe it's very clear from my papers that this detective was not very honest about all the information that he really had in his mind. And I think I've set forth the points of dishonesty and the points of the fact that it was within his knowledge that he did not place in the declaration in support of the issuance of the search warrant. I think the court should set a standard. The reason this appeal is filed is mainly because the law enforcement must have a duty to disclose every single bit of information within their the facts as they are at that time. Counsel, there's one thing I'm curious about. Wasn't your client on probation? Yes, Your Honor. And wasn't he subject to search with or without a warrant? Yes, he was. And so what — even if there was an error in granting the search warrant, why is that relevant in light of the fact that he was subject to search with or without a warrant? If I may respond to that question with a question, then I go one step further and I'm not answering any questions. No, no, no. But why even go for a search warrant if he's on probation? Let's forget about the search warrant. He's on probation from a felony case in the state court and they should go and search him. Why was there a need for this detective to be on probation? Well, that's not really just a rhetorical question because I think we all know that law enforcement officers nowadays too often find their evidence rejected in court for violation of the Constitution. So why isn't it equally clear here that this officer was trying to make sure that he did comply with the Constitution in conducting the search of your client's apartment? Well, at least for one thing, he could have put down or put forth the right crime that my client was charged with. That just indicates how reckless this officer was, this law enforcement officer was. Secondly — Your client wasn't charged with anything until they got into his apartment and discovered these passports and driving licenses with someone else's name on them. I mean, they were not searching for evidence of your client's commission of a crime. They were trying to find additional evidence of the other fellow's crimes. And when they got in there, they discovered evidence that showed that your client had committed a crime too. Your Honor, I believe that is not entirely accurate because I believe that a previous search was conducted and thousands of documents were discovered. And in those documentations that my client named came up, the name of Henry E. K. came up. That's why when this tipster, as they call it, or a confidential rival source, the informant of the police officer, when he found that he's going in the apartment that my client was living in and they saw the name on the apartment matched the name that they had seen in some of those documents. So I believe prior to even getting the search warrant, this law enforcement officer knew of my client's name and he had seen his name within documentations. So he had some suspect about my client's involvement with that crime. So, counsel, the affidavit said your client was convicted of forgery and he was actually convicted of burglary. That's correct. And you think that if burglary had been there instead of forgery, it would have made a difference in issuing the search warrant? I don't think that. But what I think is that that's just another indication how careless and reckless this officer was in preparing this declaration. It just shows But, counsel, when we're reviewing this, aren't we obliged to determine whether or not if the correct information had been in the warrant, the warrant would nevertheless have been issued? So that's the question I'm asking you. If the correct information had been in the affidavit, is it your argument that the warrant would not have been issued? I believe if the correct information was there, the warrant would not have been issued. That's correct, Your Honor. The difference between forgery and burglary? One of the factors, Your Honor, yes. And could you elaborate on that? Why would a magistrate have said, oh, my gosh, this guy is a burglar. I'm not going to issue the warrant. In a sense that, Your Honor, when – but that's coupled with all the other facts in the declaration, Your Honor. That is not the only factor that All right. Well, what are the other facts? The other facts about the fact how they presented the evidence with regards to the police officer's conversation with the apartment manager's wife. In fact, husband and wife. Husband is the one who knows more about But does that really make any difference? Isn't the critical thing that somebody who was running this apartment said that this man was living in your client's apartment? And does it matter whether both of them said it or just one of them said it? I think it would matter in the mind of the magistrate who was going to issue the search warrant because they – and they rely upon their credibility of the evidence. If I repeat something my colleague said, it's best credible than when my colleague would say what he or she saw. And I think before issuing the search warrant, there was no urgency. There was no need to have it issued right away. The detective could have simply gone to the husband and also talked to the husband and find out if what the wife is saying is accurate. Well, any one of them would have been enough without the other, wouldn't it? I mean, do you have to have two credible citizen witnesses in a location say that somebody lives in a apartment? You can't – you just can't have one? You can. However, the statement of one is purely hearsay, Your Honor. It's a statement made by somebody else. Well, the hearsay is traditionally admissible in probable cause. It is admissible. However, once again, the court is very accurate. But when the court – the issuing magistrate knows it's a hearsay statement, they may look at that statement differently. What's your third point about the affidavit and its insufficiency? The third point about the affidavit – I lost track of my thought. Well, Tipster. Tipster, yes. I'll take you there. You think there's some error in identifying the source of the information as a confidential, reliable informant? Yes, Your Honor. In the testimony as given in court by the detective and solicited by the court as well as others in the court, clearly indicates that nobody even knew if this Tipster, who's an employee of a phone company, was working for the phone company or was working for the law enforcement agency. In fact – Well, he seemed to have been working for both. He was both working for the phone company and for law enforcement. This isn't your usual drug dealer off the street who gives you some information. This was – if you were looking for pigeonholes, this was a citizen informant who stands on a higher footing than even your confidential, reliable informant because a citizen's word is ordinarily something one can rely on, isn't it? Yes, it is. But in a sense, the Tipster that we're talking about here is tracking the cloned phones and how the cloned phones and phones are being used. And I think that fact is a crucial fact to be disclosed to the magistrate who's issuing the search warrant. Why? I mean, was he a criminal? No, he wasn't a criminal. But I think if the magistrate knows exactly who the Tipster is in a sense that it is not a CRI, a confidential, reliable informant that this police agency has worked before, and that's what it means, CRI, that we've worked with them before, he's reliable or she's reliable, and in the past – He worked with them before, hadn't he? He'd been working regularly with them, as I understand. From what I understand on this case only, I didn't see any evidence of any prior case, but I think he was working with him on this specific case only and no prior. I didn't know any evidence of that. Well, they had prior dealings, not just this. He'd been trying to track down these missing phones, hadn't he, these altered phones. That's correct. That's very true. And only – he was helping him in an investigation of this particular case, the investigation that led to the search of my client's residence. Your primary complaint is that you asked for a hearing in the trial court to try to establish that this officer had been reckless and added falsely – false material information to the affidavit for search warrant. That was turned down. Why do you say that this – that what you're talking about were necessarily reckless as compared to just the kinds of things that happen in the transmission of information? Why are they reckless? They're reckless because they're within the knowledge of law enforcement agent officer at the time he prepared the documentation. They're reckless because I believe that if he had put those information down, then the magistrate may have questioned the probable cause statement. Maybe the magistrate would have questioned it, and he would have gone back, corrected, and reissued a warrant. I don't know that, but I think had he put the correct information in the probable cause statement, then the magistrate would have questioned the reliability of the information and possibly not issued a search warrant. Do we review the district court's decision not to give aggression? Yes, Your Honor. All right. Do you want to save the rest of your time for rebuttal? Thank you. All right. We'll hear from the other side. May it please the Court, David Kettle on behalf of the United States. In this appeal, Appellant Henry Ecke basically makes two main arguments. The first is that Detective Olson made allegedly false or reckless statements in the affidavit in support of a search warrant. The second argument is basically comprised of three parts, and those three parts are first that the search warrant was not supported by probable cause, that it was overly broad, and third, that the executing officers did not rely on the warrant in good faith. With respect to the use of the phrase confidential, reliable informant, that was the phrase that Detective Olson used in his affidavit, but in Detective Olson's declaration that he submitted in opposition to the suppression motion, he referred to that person as a tipster. At the suppression motion, the district court, Judge Tavrizian, actually concluded that this employee was not a tipster. He said that on the record. Yes, he did. In fact, he said that he was not a tipster because he and Detective Olson were in the process of trying to ascertain the location of a telephone by intercepting a signal. That's not a tipster. Let me ask you a question that Judge Rawlinson touched on earlier. It seems that the person where the subject of the search was on formal probation for burglary, and one of the conditions was a search and seizure condition that essentially erodes his Fourth Amendment rights. Was that relied on at all in this case to support the search and seizure? I think it was almost an icing on the cake. It was added into the affidavit more to let the issuing judge know that they could do it anyway, but in order to play it safe. That was more of an atmospheric than a foundation for the search and seizure? That's my belief, yes. Okay. What about the assault on the warrant is overbroad? How do you answer that? First of all, do you think that's properly before us, that it was argued in the district court and adequately argued in the briefs here? We don't. The government submits that they had waived it by not raising it at the suppression hearing. Can I read the brief? All they did was in passing say two or three, several times the And it wasn't argued before us. It was stated before us, but not argued before us. That's correct. And to give it even a bit more background, this suppression motion was pending for approximately six months. The government in its opposition had pointed out that fact in its opposition, expecting that a reply brief would have been filed addressing the particular areas in which the appellant thought the search warrant was overbroad and Well, it's an interesting issue because I look at the property that was supposedly allowed to be searched for and this is really a shotgun warrant, don't you think? I mean, what limitations were placed on anybody in looking in that house? Checks, credit cards, access cards, financial documents, statements, financial records, securities, payroll checks, receipts, rental agreements, copies, payment records, securities, stocks, bonds, cash, cashier's checks, money orders, mail, phone books, organizers, cellular phone, cellular phone bills, on and on and on, printers, typewriters, photocopy machines, shredders, check cashing cards, identification cards, bank account numbers. And isn't this something just paper with numbers? I suppose practically every paper has a number on it. I mean, the briefs in this case, they're papers with numbers. They have a page number. They have the number of the case. They may have points numbered and so on. Well, I think the reason the list was so long is, I guess, threefold. First, they were looking for evidence of fraudulent activities because what they found at the Ramsey apartment several months before, they found several re-encoded credit cards. They also were searching for So the items, basically the items that they were searching for and that were included in the warrant included paper things, but it was Was that overbroad, though, to say paper things? Well, it was money-oriented and fraud-oriented, which would also include fraudulent activities, proceeds from fraudulent activities. And then the third category would be evidence But couldn't that information have been delineated more specifically? Probably. But we would submit that the description of what could be searched in our case actually compares favorably with the description in the case of the United States v. Rodriguez that we cited in our papers. And in that case, they were searching for items indicating drug trafficking. And that list indicated articles of personal property tending to establish the existence of a conspiracy to sell cocaine consisting of and including personal telephone books, address books, telephone bills, papers and documents containing lists of names, articles of personal property, et cetera. That was a similarly long list that was upheld as not overbroad. Do you have anything else you'd like to bring to our attention? Unless there are any other questions. All right. You may respond. If I may, let me begin where we kind of left off. You use the word overbroad in connection with a search warrant. It's black-letter law that a search warrant has to be narrow enough to tie into what you're searching for. But I can't find any place where you actually attacked the breadth of this search warrant in connection with the items that could be searched for. Am I right? That is correct. And I wish the Court is well aware that I was not the attorney who tried the case nor filed the motion nor argued it. Had I been, though, I would definitely attack the overbroadness of the search warrant and be more specific about it. But it wasn't done so. However, it was raised. And I think it is before this Court now and the Court has a jurisdiction to look at the evidence and see if the search warrant was overbroad and act upon it. For example, Your Honor, on the second page of search warrants, they indicate with a date of birth. And then they also talk about Steven Ajaia, Steven Bracken, with a date of birth on that, those two people who are going to be searched for the apartment. And they go through all this documentation. And the Court has requirements that they want to search. And the Court is absolutely correct. It is very overbroad. And But, Counsel, where in your brief did you discuss the overbreadth? I haven't done that. Why isn't that point deemed waived? Because it was raised in the underlying motion and it was touched upon in my brief. But your failure to raise a point and argue a point in your brief is generally deemed to be a waiver of that point as far as this Court is concerned. There is a point, if I may just, Your Honor. In my page 5 of opening brief, I indicate the search of the Palace apartment was unlawful because the warrant was overly broad, lacked probable cause, and was insufficient to invoke the good faith exception for a warrant requirement. But you haven't argued, you haven't gone on to say this warrant was overbroad because it covered the following, enlisting, I mean, you know, names. One of the provisions is, I think, property that may have been procured with a fraudulent credit card. Well, that could be a bag of groceries, I suppose. You never go in and try to show the particular parts of this warrant that are overbroad. You just make a general statement it's overbroad. It's very easy. You can always say, well, that other affidavit, that was overbroad. Because the arguments that I had regarding the probable cause and the false information provided to the magistrate, I believe, was more crucial within this search warrant than the overbroadness. And I think I touched it very briefly in the sense that it was touched very briefly in the underlying arguments before the district court, Judge Teresian. And I think based on the raising of the issue in my opening brief, then the court can look at the entire search warrant and rule if it's overbroad or not. So you made the tactical decision to focus really on the search warrant affidavit. That's correct, Your Honor. Thank you, counsel. We appreciate your help. The case just argued is ordered submitted. We'll get your decision as soon as we can. And we'll call the second case on our calendar, which is Castro v. Fashion 21.
judges: Friedman, Trott, Rawlinson